Glenn R. Bronson (7362)
John S. Chindlund (0625)
**PRINCE, YEATES & GELDZAHLER**
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  (801) 524-1000
Facsimile:  (801) 524-1098
Email: jsc@princeyeates.com
           grb@princeyeates.com

*Attorneys for Defendant Mazuma Capital Corp.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TLD AMERICA CORPORATION,<br><br>             Plaintiff,<br>v.<br><br>MAZUMA CAPITAL CORP. and REPUBLIC BANK, INC.,<br><br>             Defendants. | **ANSWER AND COUNTERCLAIM OF MAZUMA CAPITAL CORP.**<br><br>Case No.  2:15-cv-00670<br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendant Mazuma Capital Corp. ("**Mazuma**" or "**Defendant**") hereby answers Plaintiff's Complaint ("**Complaint**") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Mazuma upon which relief can be granted.

## SECOND DEFENSE

Responding to the specifically numbered allegations of the Complaint, Mazuma admits, denies and avers as follows:

1. Defendant admits that a pallet transporter ("**Transporter**") is a heavy-duty vehicle used in the air cargo industry and that Plaintiff manufactured one for Mazuma and that around the end of October 2012 the Transporter was damaged during Hurricane Sandy. Defendant denies all other allegations.

2. Defendant admits that the risk of loss to the Transporter never passed to Mazuma and that Plaintiff must bear the cost of the Transporter. Defendant denies the allegations regarding the "action commenced in Utah state court" and a settlement relating thereto, on the ground that the referenced "action" and settlement speak for themselves. Mazuma admits that it alleged in the complaint that pursuant to the terms of the lease Republic and Mazuma were the owners of the "Property," defined to include the Transporter. Defendant denies all other allegations.

3. Defendant admits that this action seeks recovery against Defendant as set forth in the Complaint. Defendant denies all other allegations.

4. Defendant admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1).

5. Defendant denies that venue was proper in the District of Connecticut, but admits that venue is proper in the District of Utah pursuant to 28 U.S.C. Section 1391(b)(1).

6. Defendant admits the allegations contained in the first sentence and that Plaintiff (also referred to herein as "TLD") maintains a production facility in St. Lin, France. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

7. Defendant admits that it is a Utah corporation with its principal place of business in Salt Lake County, Utah and that it engages in providing equipment leasing and financing to companies. Defendant further admits that it was acquired by Onset Financial, Inc. which is also based in Utah. Defendant denies the allegations concerning Mazuma's website on the basis that the website speaks for itself.

8. Defendant Mazuma admits that Republic is a Utah Corporation with its principal place of business in Bountiful, Utah. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

9. Defendant Mazuma admits that it has sold or assigned some of its equipment leases to Republic and has jointly prosecuted claims against lessees for breach of some lease agreements. Defendant denies all other allegations.

10. Defendant denies the allegations in paragraph 10.

11.     Defendant admits that on or about March 22, 2012 Evergreen Eagle ("**Evergreen**") sent Plaintiff a document titled "EVERGREEN EAGLE PURCHASE REQUEST," a copy of which is attached as Exhibit "A" to the Complaint. Defendant admits that Exhibit "A" solicits a quote from TLD for a transporter and asserts that Exhibit "A" speaks for itself. Defendant denies all other allegations.

12.     Defendant admits that on or about March 27, 2012 TLD sent Evergreen an Offer to sell a transporter to Evergreen, a copy of which is attached to Plaintiff's Complaint as Exhibit "B." Defendant admits that Exhibit "B" refers to "TLD America standard sales terms," but affirmatively asserts that no standard sales terms are represented in Exhibit "B," as being an attachment thereto. Defendant admits that Exhibit "C" to the Complaint contains as its first page a document titled "Standard Terms and Conditions of Sale of TLD America Corporation." Defendant denies all other allegations.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions and therefore denies the same.

14.     Defendant admits the first sentence contained in paragraph 14 and that a copy of the Mazuma Purchase Order is attached to the Complaint as Exhibit "D." Defendant denies the remaining allegations because the Mazuma Purchase Order speaks for itself.

15.     With regard to the first sentence, Defendant admits that TLD received a down payment in May 2012 for $50,567.00 for the Transporter but deny that the payment was from Republic and affirmatively asserts that the payment was from Mazuma. Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

16. Defendant admits that the Transporter was off-loaded at a port in New Jersey on or about October 28, 2012 and that shortly thereafter it was damaged as a result of Hurricane Sandy. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 17 and therefore denies the same.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 18 and therefore denies the same.

19. Defendant admits that Mazuma has consistently taken the position that the risk of loss to the Transporter never passed to Mazuma and that Plaintiff has taken the position that the risk of loss to the Transporter had passed to Mazuma as of the time it was damaged in New Jersey.

20. Defendant asserts that emails exchanged between the parties speak for themselves and therefore denies the allegations, except Defendant admits that it did not have insurance coverage that would cover the loss of the Transporter.

21. Defendant admits that their counsel sent a December 5, 2012 letter to TLD's counsel, that such correspondence speaks for itself and therefore denies the remaining

allegations. Defendant admits that a true and correct copy of the December 5, 2012 letter is attached to the Complaint as Exhibit "E."

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 23 and therefore denies the same. Defendant asserts that the referenced "settlement" speaks for itself and therefore denies the allegations in the last sentence. Republic avers that the "settlement" states: "Republic and Mazuma relinquish and assign to Evergreen any interests either may have in the Equipment," defined to include the Transporter.

24. Defendant admits that on April 2, 2012 Evergreen and Mazuma entered into a "Lease Schedule No. 22-02 to Master Lease Agreement No. MCC1195," and asserts that said document speaks for itself and therefore denies the allegations in the first sentence. Defendant admits that on or about April 8, 2011, Mazuma assigned to Republic Lease Schedule No. 04-01 dated December 8, 2010, as amended by Amendment No. 1, dated March 8, 2012 to the Master Lease Agreement No. MCC1195, dated December 8, 2010, as amended by Amendment No. 1, dated September 27, 2011, between Mazuma as Lessor and Evergreen as Lessee.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in the first sentence of paragraph 25 of the Complaint and therefore denies the same. Defendant admits that in January 2013 Mazuma and Republic obtained a Default Judgment against Evergreen in the referenced Utah state action in the amount of $766,750.95 and that thereafter this judgment was entered in the Oregon state court in the amount of $778,334.25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

26. Defendant admits Evergreen settled with Defendants pursuant to a Settlement Agreement dated on or about April 26, 2013, a copy of which is attached as Exhibit "F" to the Complaint. Defendant asserts that the Settlement Agreement speaks for itself and therefore denies the remaining allegations.

27. Defendant admits that Plaintiff engaged in settlement negotiations and assert that a settlement agreement was reached with Plaintiff, which Plaintiff has refused to honor. Defendant admits that Evergreen filed a bankruptcy Petition but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

28. Defendant admits that TLD made a demand on Mazuma for the amount that TLD alleged was owing on the Contract and that Mazuma refused to pay said amount.

Defendant denies all other allegations and specifically denies that it owes TLD anything under the Contract.

29. Defendant admits that Mazuma and TLD engaged in settlement discussions but deny that the parties were unable to reach an acceptable resolution. Defendants assert that a binding settlement agreement was reached between Mazuma and the Plaintiff, which also release Republic, and which Plaintiff has refused to honor. Defendant denies all other allegations.

30. Defendant Mazuma incorporates by this reference its responses to paragraphs 1 – 29 above as though fully set forth herein.

31. Defendant Mazuma denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant Mazuma denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant Mazuma denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant Mazuma denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant Mazuma incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

36. Defendant Mazuma admits it was a party to a purchase agreement with TLD, and affirmatively asserts that said agreement contained only the terms set forth in its Purchase Order.

37. Defendant Mazuma admits that its Purchase Order contains an implied covenant of good faith and fair dealing and affirmatively asserts that it did not breach said covenant or engage in any act or conduct which deprived Plaintiff of any benefits of the transaction.

38. Defendant Mazuma denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant Mazuma denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant Mazuma denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant Mazuma incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

42. Defendant Mazuma denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant Mazuma denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant Mazuma denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant Mazuma denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant Mazuma denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant incorporates by this reference its responses to paragraphs 1-29 as though fully set forth herein.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies the same.

## THIRD DEFENSE

Defendant Mazuma denies each and every allegation not specifically admitted or denied above.

## FOURTH DEFENSE

Plaintiff's breach of contract claim against Mazuma is barred by a lack of consideration or a failure of consideration.

## FIFTH DEFENSE

All of Plaintiff's claims against Mazuma are barred because they were settled by the parties and Plaintiff has failed to honor the settlement.

## SIXTH DEFENSE

As a result of Plaintiff's acts and/or omissions, Plaintiff has waived and/or is estopped to assert its claims against Defendant.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims against Defendant are barred under the doctrines of laches and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff's CUTPA claim against Mazuma is barred because, among other reasons, Mazuma did not conduct "trade" or "commerce" within the meaning of Connecticut General Statutes Annotated Sections 42-110a(4) and 42-110b(a).

## NINTH DEFENSE

Even if Defendant engaged in trade or commerce under CUTPA (which Mazuma specifically denies), Plaintiff's CUTPA claim is barred because Defendant's complained of acts were not performed as part of Defendant's "primary trade or commerce," such acts

were not incidental to Defendant's primary trade or business, and such acts were not unfair or deceptive under CUTPA.

## TENTH DEFENSE

Plaintiff's breach of contract claim against Mazuma is barred because there was never a meeting of the minds between the parties.

**WHEREFORE** Defendant Mazuma respectfully requests this Court to enter judgment in favor of Mazuma, dismissing the Complaint with prejudice and awarding Mazuma its reasonable attorney's fees and costs incurred in defending against the Complaint.

## C O U N T E R C L A I M

Defendant Mazuma Capital Corp. ("**Mazuma**") counterclaims against Plaintiff as follows:

## FACTS

1. Mazuma offered to purchase the Transporter from Plaintiff pursuant to its Purchase Order ("**Offer**"), dated April 17, 2012 (Exhibit "D" to Plaintiff's Complaint).

2. Plaintiff accepted Mazuma's offer, resulting in a binding and enforceable contract (the "**Contract**") which, by its terms, was the "complete and exclusive statement of the agreement between [the parties]."

3. The Contract further provides that Mazuma shall have no liability to Plaintiff unless Plaintiff delivered a Transporter to Mazuma's lessee, Evergreen Aviation Ground Logistics Enterprises, Inc. at JFK International Airport, Bldg. 87, Cargo Plaza Road, Jamaica, New York 11430.

4. The Contract also states that its terms and conditions "may not be altered or amended in any respect except with the express written approval of Mazuma," which never occurred.

5. On or about May 7, 2012, Mazuma paid Plaintiff a down payment for the purchase of the Transporter in the amount of $50,567.00.

6. Plaintiff failed to deliver the Transporter as required by the Contract.

7. Plaintiff failed to return the down payment to Mazuma despite Mazuma's demand that it do so.

8. On or about June 25, 2014, Mazuma and TLD reached an accord ("**Settlement**") regarding any and all claims against each other, including those relating to the Transporter.

9. Plaintiff has failed and refused to comply with the Settlement.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

10. Mazuma incorporates herein by reference paragraphs 1-9 above.

11. Plaintiff breached the terms of the Contract by, inter alia, failing to deliver the Transporter as required by the Contract.

12. As a result of Plaintiff's breach of the Contract, Mazuma has suffered damage, including but not limited to, the loss of its down payment.

13. Mazuma is entitled to recover its damages resulting from Plaintiff's breach of contract, including the return of its down payment, together with pre-judgment interest thereon.

## SECOND CLAIM FOR RELIEF
### (Enforcement of the Settlement)

14. Mazuma incorporates herein by reference paragraphs 1-13 above.

15. Although Mazuma and Plaintiff agreed to a Settlement, Plaintiff has failed and refused to honor the terms of the Settlement.

16. To the extent that the Court declines to award Mazuma the relief sought in the first claim for relief, Mazuma is entitled to Judgment against Plaintiff requiring Plaintiff to comply with the terms of the Settlement.

## PRAYER FOR RELIEF

Mazuma prays that the Court enter judgment in its favor against Plaintiff as follows:

1. On the first claim for relief, for damages caused by Plaintiff's breach of contract, as established at trial, including but not limited to $50,567.00, together with pre-judgment interest thereon.

2. On the second claim for relief, for judgment enforcing the terms of the Settlement between the parties.

3. For such other and further relief, as the Court deems just and proper in the circumstances.

DATED this 25th day of September, 2015.

**PRINCE, YEATES & GELDZAHLER**

By: /s/ Glenn R. Bronson
    John S. Chindlund
    Glenn R. Bronson
Attorneys for Defendant and Counter-claimant
Mazuma Capital Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2015, the foregoing Answer and Counterclaim of Mazuma Capital Corp. was electronically filed and served through the Court's ECF system to the following:

N/A

I hereby also certify that I have mailed by U.S. Postal Service the foregoing document to the following non-ECF registered participants:

>Patrick A. Klingman
>Klingman Law, LLC
>196 Trumbull Street, Suite 510
>Hartford, Connecticut 06103-2207

/s/ Glenn R. Bronson

G:\grb\Republic Bank\TLD America\Drafts\Answer and Counterclaim-Mazuma 9-25-2015.docx