Glenn R. Bronson (7362)
John S. Chindlund (0625)
PRINCE, YEATES & GELDZAHLER
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  (801) 524-1000
Facsimile:  (801) 524-1098
Email: jsc@princeyeates.com
         grb@princeyeates.com

*Attorneys for Defendant Republic Bank, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TLD AMERICA CORPORATION,<br><br>           Plaintiff,<br>v.<br><br>MAZUMA CAPITAL CORP. and REPUBLIC BANK, INC.,<br><br>           Defendants. | **ANSWER OF REPUBLIC BANK, INC.**<br><br>Case No.  2:15-cv-00670<br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendant Republic Bank Inc. ("**Republic**" or "**Defendant**") hereby answers Plaintiff's Complaint ("**Complaint**") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Republic upon which relief can be granted.

## SECOND DEFENSE

Responding to the specifically numbered allegations of the Complaint, Republic admits, denies and avers as follows:

1. Defendant admits that a pallet transporter ("**Transporter**") is a heavy-duty vehicle used in the air cargo industry and that Plaintiff manufactured one for Mazuma and that around the end of October 2012 the Transporter was damaged during Hurricane Sandy. Defendant denies all other allegations.

2. Defendant admits that the risk of loss to the Transporter never passed to Republic and that Plaintiff must bear the cost of the Transporter. Defendant denies the allegations regarding the "action commenced in Utah state court" and a settlement relating thereto, on the ground that the referenced "action" and settlement speak for themselves. Republic admits that it alleged in the complaint that pursuant to the terms of the lease Republic and Mazuma were the owners of the "Property," defined to include the Transporter. Defendant denies all other allegations.

3. Defendant admits that this action seeks recovery against Defendant as set forth in the Complaint. Defendant denies all other allegations.

4. Defendant admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1).

5. Defendant admits that venue is proper in the District of Utah pursuant to 28 U.S.C. Section 1391(b)(1).

6. Defendant admits the allegations contained in the first sentence and that Plaintiff (also referred to herein as "TLD") maintains a production facility in St. Lin, France. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

7. Defendant Republic admits that Mazuma is a Utah corporation with its principal place of business in Salt Lake County, Utah, and that Mazuma engages in providing equipment leasing and financing to companies. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

8. Defendant admits that it is a Utah Corporation with its principal place of business in Bountiful, Utah. Defendant denies the remaining allegations except admits that Republic is a commercial bank, that it has engaged in purchasing lease contracts and is in the process of voluntarily liquidating its assets.

9. Defendant Mazuma admits that it has sold or assigned some of its equipment leases to Republic and has jointly prosecuted claims against lessees for breach of some lease agreements. Defendant denies all other allegations.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits that on or about March 22, 2012 Evergreen Eagle ("**Evergreen**") sent Plaintiff a document titled "EVERGREEN EAGLE PURCHASE REQUEST," a copy of which is attached as Exhibit "A" to the Complaint. Defendant

admits that Exhibit "A" solicits a quote from TLD for a transporter and asserts that Exhibit "A" speaks for itself. Defendant denies all other allegations.

12. Defendant admits that on or about March 27, 2012 TLD sent Evergreen an Offer to sell a transporter to Evergreen, a copy of which is attached to Plaintiff's Complaint as Exhibit "B." Defendant admits that Exhibit "B" refers to "TLD America standard sales terms," but affirmatively asserts that no standard sales terms are represented in Exhibit "B," as being an attachment thereto. Defendant admits that Exhibit "C" to the Complaint contains as its first page a document titled "Standard Terms and Conditions of Sale of TLD America Corporation." Defendant denies all other allegations.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions and therefore denies the same.

14. Defendant admits the first sentence contained in paragraph 14 and that a copy of the Mazuma Purchase Order is attached to the Complaint as Exhibit "D." Defendant denies the remaining allegations because the Mazuma Purchase Order speaks for itself.

15. With regard to the first sentence, Defendant admits that TLD received a down payment in May 2012 for $50,567.00 for the Transporter but denies that the payment was from Republic and affirmatively asserts that the payment was from

Mazuma.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

16. Defendant admits that the Transporter was off-loaded at a port in New Jersey on or about October 28, 2012, and that shortly thereafter it was damaged as a result of Hurricane Sandy.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 17 and therefore denies the same.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 18 and therefore denies the same.

19. Defendant admits that Republic and Mazuma have consistently taken the position that the risk of loss to the Transporter never passed to Mazuma and that Plaintiff has taken the position that the risk of loss to the Transporter had passed to Mazuma as of the time it was damaged in New Jersey.

20. Defendant asserts that emails exchanged between the parties speak for themselves and therefore denies the allegations, except Defendant admits that it did not have insurance coverage that would cover the loss of the Transporter.

21. Defendant admits that its counsel sent a December 5, 2012, letter to TLD's counsel, that such correspondence speaks for itself and therefore denies the remaining

allegations. Defendant admits that a true and correct copy of the December 5, 2012 letter is attached to the Complaint as Exhibit "E."

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 23 and therefore denies the same. Defendant asserts that the referenced "settlement" speaks for itself and therefore denies the allegations in the last sentence. Republic avers that the "settlement" states: "Republic and Mazuma relinquish and assign to Evergreen any interests either may have in the Equipment," defined to include the Transporter.

24. Defendant admits that on April 2, 2012 Evergreen and Mazuma entered into a "Lease Schedule No. 22-02 to Master Lease Agreement No. MCC1195," and asserts that said document speaks for itself and therefore denies the allegations in the first sentence. Defendant admits that on or about April 8, 2011, Mazuma assigned to Republic rights under Schedule No. 04-01 and Schedule No. 22-02 between Mazuma as Lessor and Evergreen as Lessee. Defendant denies the remaining allegations.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in the first sentence of paragraph 25 of the Complaint and therefore denies the same. Defendant admits that in January 2013, Mazuma and

Republic obtained a Default Judgment against Evergreen in the referenced Utah state action, commenced in November 2012, in the amount of $766,750.95 and that thereafter this judgment was entered in the Oregon state court in the amount of $778,334.25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

26. Defendant admits that Evergreen settled with Defendants pursuant to a Settlement Agreement dated on or about April 26, 2013, a copy of which is attached as Exhibit "F" to the Complaint. Defendant asserts that the Settlement Agreement speaks for itself and therefore denies the remaining allegations.

27. Defendant admits that Plaintiff engaged in settlement negotiations and assert that a settlement agreement was reached with Plaintiff, which Plaintiff has refused to honor. Defendant admits that Evergreen filed a bankruptcy Petition but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

28. Defendant admits that TLD made a demand on Mazuma for the amount that TLD alleged was owing on the Contract and that Mazuma refused to pay said amount. Defendant denies all other allegations.

29. Defendant admits that Mazuma and TLD engaged in settlement discussions but deny that the parties were unable to reach an acceptable resolution. Defendants assert that a binding settlement agreement was reached between Mazuma and the Plaintiff,

which also released Republic, and which Plaintiff has refused to honor. Defendant denies all other allegations.

30. Defendant Republic incorporates by this reference its responses to paragraphs 1 – 29 above as though fully set forth herein.

31. Defendant Republic denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant Republic denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant Republic denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant Republic denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant Republic incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

36. Defendant Republic admits that Mazuma was a party to a purchase agreement with TLD, and affirmatively asserts that said agreement contained only the terms set forth in its Purchase Order.

37. Defendant Republic admits that its Purchase Order contains an implied covenant of good faith and fair dealing. Republic denies any other allegations.

38. Defendant Republic denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant Republic denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant Republic denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant Republic incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

42. Defendant Republic denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant Republic denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant Republic denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant Republic denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant Republic denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant incorporates by this reference its responses to paragraphs 1-29 as though fully set forth herein.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant incorporates by this reference its responses to paragraphs 1-29 above as though fully set forth herein.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies the same.

### THIRD DEFENSE

Defendant Republic denies each and every allegation not specifically admitted or denied above.

### FOURTH DEFENSE

All of Plaintiff's claims against Republic are barred because they were settled by the parties and Plaintiff has failed to honor the settlement.

### FIFTH DEFENSE

As a result of Plaintiff's acts and/or omissions, Plaintiff has waived and/or is estopped to assert its claims against Defendant.

### SIXTH DEFENSE

Some or all of Plaintiff's claims against Defendant are barred under the doctrines of laches and/or unclean hands.

**SEVENTH DEFENSE**

Plaintiff's CUTPA claim against Republic is barred because, among other reasons, Republic did not conduct "trade" or "commerce" within the meaning of Connecticut General Statutes Annotated Sections 42-110a(4) and 42-110b(a).

**EIGHTH DEFENSE**

Even if Defendant engaged in trade or commerce under CUTPA (which Republic specifically denies), Plaintiff's CUTPA claim is barred because Defendant's complained of acts were not performed as part of Defendant's "primary trade or commerce," such acts were not incidental to Defendant's primary trade or business, and such acts were not unfair or deceptive under CUTPA.

**NINTH DEFENSE**

Plaintiff's claim are barred because Republic neither owed nor breached any duty to Plaintiff.

**WHEREFORE** Defendant Republic respectfully requests this Court to enter judgment in favor of Republic, dismissing the Complaint with prejudice and awarding Republic its reasonable attorney's fees and costs incurred in defending against the Complaint.

DATED this 29th day of September, 2015.

                PRINCE, YEATES & GELDZAHLER

                By: /s/ Glenn R. Bronson
                    John S. Chindlund
                    Glenn R. Bronson
                Attorneys for Defendant Republic Bank, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2015, the foregoing Answer of Republic Bank, Inc. was electronically filed and served through the Court's ECF system to the following:

    N/A

I hereby also certify that I have mailed by U.S. Postal Service the foregoing document to the following non-ECF registered participants:

    Patrick A. Klingman
    Klingman Law, LLC
    196 Trumbull Street, Suite 510
    Hartford, Connecticut 06103-2207


                                          /s/ Glenn R. Bronson

.G:\grb\Republic Bank\TLD America\Pleadings\2015-09-29 Answer of Republic Bank, Inc..docx